UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. LILIIA HARRIS PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-361-KHJ-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, et al. DEFENDANTS

ORDER

Before the Court is the [5] Motion to Dismiss filed by Defendants University of Mississippi Medical Center ("UMMC"), Dr. Louann Woodward, Dr. Neville Dossabhoy, Dr. Maria Tio, Dr. Pradeep Vaitla, Dr. Jimmy Stewart,[1] and Katherine Wells, NP (collectively, "Individual Defendants"). For the reasons below, the Court denies the [5] Motion without prejudice and allows Plaintiff Dr. Liliia Harris ("Harris") 14 days from the date of this Order to amend her [1-1] Complaint and plead her best case.

I. Background

Harris is a physician and former postgraduate student who joined UMMC's Nephrology Fellowship Program in July 2020. Compl. [1-1] ¶¶ 4, 6, 35. She left the program in June 2023 without graduating. *Id.* ¶¶ 74, 81. She blames UMMC and the Individual Defendants, claiming they blocked her graduation after she took six

[1] Harris sued "Dr. Scott Stewart", but Defendants state that Dr. Jimmy Stewart is the proper defendant. *See* Compl. [1-1] at 1; Mot. [5] at 1. The Court instructs the Clerk of Court to correct Dr. Stewart's name on the docket.

weeks of maternity leave. *Id.* ¶¶ 37–40, 56–58. Meanwhile, a male colleague in the same program took paternity leave with no consequences. *Id.* ¶¶ 41–42, 52–53.

Harris sued UMMC and the Individual Defendants in state court under 42 U.S.C. § 1983, alleging they violated her Fourteenth Amendment rights to equal protection and procedural due process. *Id.* ¶¶ 97–111. She also accuses UMMC of breach of contract and unlawful interference and retaliation under the Family Medical Leave Act ("FMLA"). *Id.* ¶¶ 112–21.

Defendants removed the case to this Court. *See* Notice of Removal [1]. They now ask the Court to dismiss the [1-1] Complaint under Rule 12(b)(6), arguing that Harris fails to plead plausible claims for relief and that qualified immunity shields the Individual Defendants from liability. *See* Defs.' Mot. to Dismiss [5]; Defs.' Mem. in Supp. [7]; *see also* Reply [13]. Harris opposes the motion. *See* Pl.'s Resp. [10]; Pl.'s Mem. in Opp'n [11].

II. Standard

Under Federal Rule of Civil Procedure 8(a), a complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A facially plausible claim allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts a plaintiff's factual allegations as true and construes them in the light most

favorable to her, but it does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *See Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 305 (5th Cir. 2021) (citation modified).

III. Analysis

The Court declines to dismiss Harris's case at this stage.

The Federal Rules of Civil Procedure "evince[] a bias in favor of granting leave to amend" and require district courts to "freely" grant amendments when justice requires it. *See Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (citation modified). The Court has "sound discretion" to allow a plaintiff to amend her pleadings, and five considerations guide its decision: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, and (5) futility. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation modified).

Having considered these factors, the Court grants Harris a chance to amend her [1-1] Complaint. Nothing in the record suggests Harris has unduly delayed the case or acted with bad faith or dilatory motive. This will be her first attempt to amend her pleading, and the Court sees no risk of prejudice to Defendants given the early stage of this litigation. And although Defendants have identified deficiencies in Harris's factual allegations, it is not readily apparent that an amended pleading would be futile. Rather than "labels and conclusions" or "naked" factual assertions, Harris's [1-1] Complaint alleges numerous facts supporting her claims for relief, including that Defendants treated her differently than her male colleague and that

UMMC breached her employment contract. *See Ashcroft*, 556 U.S. at 678 (citation modified) (rejecting "threadbare" and "conclusory" pleadings). Under these circumstances, the Court exercises its discretion to allow Harris to amend and plead her best case. In so ruling, the Court expresses no opinion about whether Harris's amended pleading, should she choose to file one, will withstand another dispositive motion.

## IV. Conclusion

For the reasons above, the Court denies the [5] Motion without prejudice and grants Harris 14 days from the date of this Order to amend her [1-1] Complaint and plead her best case. If she does not, the Court may dismiss all legally insufficient claims without further notice.

The Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 17th day of November, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE